AO 91 (Rev.11/11) Criminal Complaint

# United States District Court
### for the
# Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Dec 11, 2025

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| *Plaintiff,* | ) |
| | ) Case No.: 4:25-mj-07191-ACE |
| v. | ) |
| LUCAS FAST BEACH, | ) |
| *Defendant.* | ) |
| | ) |

## CRIMINAL COMPLAINT

I, *Hyrum A. Stohel*, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) <u>July 23, 2025, and December 10, 2025,</u> in the county of <u>Franklin</u> in the Eastern District of Washington, the defendant, Lucas Fast Beach violated:

18 U.S.C. § 2252A(a)(2) –*Distribution and/or Receipt of Child Pornography*

18 U.S.C. § 2252A(a)(5)(b) – *Possession of Child Pornography*

This complaint is based on these facts:

☒Continued on the attached sheet.

_____
*Complainant's signature*

*Task Force Officer Hyrum A. Stohel, HSI*
_____
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date: <u>December 11, 2025</u>

_____
*Judge's signature*

City and state: <u>Yakima, Washington</u>

*Alexander C. Ekstrom, United States Magistrate Judge*
_____
*Printed name and title*

## <u>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT</u>

I, Hyrum A. Stohel, a Task Force Officer with Homeland Security Investigations (HSI), having been duly sworn, hereby state as follows:

### <u>INTRODUCTION</u>

1.    I make this affidavit in support of an application for an arrest warrant and criminal complaint charging LUCAS FAST BEACH ("BEACH") with receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(b) occurring on or between July 23, 2025, and December 10, 2025, in Pasco, Washington, in the Eastern District of Washington.

### <u>SOURCES OF INFORMATION</u>

2.    The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3.    Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant.

My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4.      I am a commissioned Detective Sergeant with the Richland Police Department in Richland, Washington.  I have been employed by the Richland Police Department since October 2004.  I am currently a Task Force Officer (TFO) assigned to the Southeast Regional Internet Crimes Against Children (SER-ICAC) Task Force, working for Homeland Security Investigations (HSI); I was assigned to the Task Force in 2024.  I have been a Homeland Security (HSI) TFO since October 2024.

5.      Prior to my tenure at the Richland Police Department, I was employed as an Officer with the West Valley City Police Department in West Valley City, UT.  Prior to my employment with the West Valley City Police Department I was employed with the Utah Highway Patrol starting in 1997.  I am a graduate of the Utah State Basic Law Enforcement Academy and the Washington Equivalency Law Enforcement Academy, both of which included courses of instruction in criminal law, criminal investigation and criminal violations.

6.      I hold a Bachelor's Degree and an Associate's Degree in Criminal Justice Administration from Columbia College of Missouri.

7.      My current duties as a TFO with HSI include supervising the Southeast Regional Internet Crimes Against Children Task Force, investigating criminal violations relating to child exploitation, including violations involving enticement and transportation of minors for illegal sexual activity and related crimes, and violations involving the production, advertisement, transportation, distribution, receipt and possession of child pornography, and attempts or conspiracies to commit those crimes.

I have participated in numerous seizures of computer systems and related devices, as well as other evidence pertaining to violations of both federal and state law.

8.      I am very familiar with internet investigations involving social media and online classified sites.  I have received training on Internet Crimes Against Children (ICAC) Undercover Chat Investigations, ICAC Investigative Techniques, and CyberTip Investigations.

9.      As a TFO and Detective, I have served as the affiant on numerous search warrants.  I have participated in the investigation of cases involving the use of computers and the Internet to commit violations of state and federal child exploitation laws.

10.      I have participated in multiple aspects of child exploitation investigations, including conducting surveillance, interviewing suspects, and executing arrest and search warrants.  I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures.

11.      I have completed the "Specialist Interview Course" for interviewing and assessing perpetrators of sexual crimes against children, known as the "Mentor Interview Technique".  The class was taught by Dr. Joe Sullivan who is a Registered Forensic Psychologist with a focus on the motivations, thoughts and behaviors of child sex offenders.

12.      I have completed training in ICAC Investigative Techniques.  This training was designed to specifically prepare me for investigations that deal with child pornography that is being possessed, manufactured or dealt.

13.     I am familiar with the facts and circumstances of the investigation
through my participation in it based on several investigative techniques, including
discussions with agents and officers from other law enforcement agencies, and review
of records and reports relating to the investigation.  Unless otherwise noted, wherever
in this affidavit I assert that a statement was made, the statement is not being
recounted verbatim but instead only in substance and in part.  Facts not set forth
herein are not being relied on in reaching my conclusion that the requested warrant
should be issued.  Nor do I request that this Court rely on any facts not set forth herein
in reviewing this application.

## APPLICABLE STATUTES

13.     I am investigating potential attempts and completed violations of 18
U.S.C. § 2252A(a)(2)(A), distribution and/or receipt of child pornography, and 18
U.S.C. § 2252A(a)(5)(b), possession of child pornography.  Those offenses are set
forth as follows:

     a.    18 U.S.C. § 2252A(a)(2) prohibits any person from knowingly receiving
        or distributing any child pornography that has been mailed, or using any
        means or facility of interstate commerce shipped or transported in or
        affecting interstate or foreign commerce by any means, including by
        computer.

     b.    18 U.S.C. § 2252A(a)(5)(b) prohibits any person from knowingly
        possessing any book, magazine, periodical, film, videotape, computer
        disk, or any other material that contains an image of child pornography
        that has been mailed, or shipped or transported using any means or
        facility of interstate or foreign commerce or in or affecting interstate or
        foreign commerce by any means, including by computer, or that was

produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

c.  18 U.S.C. § 2256(8)(A) defines "child pornography" as, inter alia, "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

**d.**  18 U.S.C. § 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated[:] sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals or pubic area of any person."

## **STATEMENT OF PROBABLE CAUSE**

14.  Based on the facts described below, I have probable cause to believe that Lucas Fast Beach ("BEACH") has received and distributed child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and has possessed child pornography, in violation of 18 U.S.C § 2252A(a)(5)(b).

15.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other federal agents, state law enforcement officers, and/or witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

16.     On or about July 23, 2025, at 1048 hrs. UTC, the Electronic Service Provider (ESP) MediaLab/Kik reported to the National Center for Missing and Exploited Children (NCMEC) via Cyber Tip 216717155, that user todddaniels555 uploaded four electronic files containing child pornography to their account. On October 18, 2025, Detective Nick Kartes with the Seattle Police Department assigned this case to the Southeast Regional Internet Crimes Against Children Taskforce.  On October 22, 2025, the SER-ICAC was assigned this CyberTip. The report contained IP information and identified the specific device being used by the account as a Motorola brand Android device. The files from MediaLab/Kik were reviewed and confirmed to contain child pornography. The following is a description of one of those files reviewed by TFO Stohel:

17.     This file (46f1897a-5d8a-438a-a4b2-d9224a48c4aa.mp4) is a video approximately 19 seconds in length. The video depicts a male subject masturbating. The view of the video is from the perspective of the male looking down. A prepubescent minor female is below the male, on her knees, looking up at the male as he masturbates. The prepubescent female is completely nude.  As the male masturbates, the child closes her eyes and the male ejaculates on her face. The video ends shortly after showing the child's face with semen on it.  The child closed her eyes prior to the male ejaculating indicating that the child had knowledge that the male was planning to ejaculate on her face. The child's bare breasts were visible in parts of the video. Based on her overall size and growth, as well as her lack of physical/muscular development, the female appeared to be approximately 5-7 years old. The child's breasts were not yet developed, and there was no visible pubic hair. There were no identifying characteristics about the male subject. Based on the appearance of his penis and hand, the male appears to be an adult. The act appears to take place in a room against a wall with a light color carpeted floor.

18.     This file was described in the CyberTip as a video shared by user "todddaniels555" via forwarding a private chat message to another user. The sent file was associated with IP address 174.246.17.112 (Port: 5425), a date of 7/21/2025, and a time of 01:53:43 UTC.  The other child pornography files were reportedly sent utilizing the same IP address on the same date.  The tip also included other IP addresses utilized by the user, including IP address 131.150.224.56.

19.     An additional CyberTip report was received by NCMEC from Dropbox.com on July 23, 2025, at 17:01:43 UTC, identifying a Dropbox user account (user ID 358119283) who was identified as possessing child pornography files on that platform. The CyberTip report included information provided by Dropbox to include an IP address that matched the IP address from the initial CyberTip (IP address 131.150.224.56 – Charter Communications) from MediaLab/Kik. The file from Dropbox was reviewed and confirmed to contain child pornography. The below information was also included with the tip regarding the suspect account:

   a.  Email Address: lukebeach5@gmail.com (Verified 12-15-2014 05:23:48 UTC)

   b.  Screen/Username: Kaylee Vigil

   c.  ESP User ID: 358119283

   d.  Two logon IP addresses were provided: 131.150.224.56 (Login) on July 23, 2025, at 11:51:06 UTC and 131.150.224.56 (Login) on July 23, 2025, at 16:56:48 UTC. This IP address matches one of the login IP address identified in the first CyberTip (216717155), which geo-located to Pasco, Washington through Charter/Spectrum.

20.     The following is a description of the file attached to the Dropbox tip after it was viewed by TFO Stohel:

a. This file (IMG_0676.mp4) is a video that was approx. 1 minute 3 seconds in length. The video depicted a prepubescent female wearing thong style panties, see-through and a loose-fitting bra style top. The female is the only person depicted in the video. She is wearing makeup on her face. As the video begins, the camera zooms in to a close up of her face and then slowly pans down past her breast area to her groin where the camera focuses. Although her genitals are covered, due to the see-through underwear, the outline of the female's labia is visible. Additionally, the string of the thong partially bisects the lower portion of the female's labia (labia majora) as it transitions in between the gluteal cleft. The female is seen posing while the video is being recorded. As the video continues, the female is seen striking several other poses. The second pose consists of the female on her knees facing a wall, bending forward with her hands on the wall while she looks back towards the camera. The female is still wearing the same clothing. The female's bare buttocks are exposed but the thong covers the female's anus. The thong is still bisecting the juvenile's genitals where portions of the Labia Majora are visible. The camera zooms in on the minor female's genital area and buttocks before panning up her back to her face. The next pose in the video is of the same female on her knees and elbows. She spreads her legs apart revealing her genital area, which is covered by the string of the thong underwear. The female is looking back at the camera. Based on the behavior of the female throughout the video, it is clear she is being instructed on how to pose. The final pose before the video ends is of the female standing in a pose wearing the same clothing as the camera zooms in and pans her body. The prepubescent female appears to be

Affidavit of TFO Stohel
- 8 –
4:25-mj-07191-ACE

approximately 8-12 years old based on her overall size, lack of physical/muscular development in her body, lack of breast development, and the lack of pubic hair follicles in her visible pubic area.

21.     On October 23, 2025, search warrants for records from MediaLab/ Kik, Dropbox, Charter, Google, and Verizon were approved by a Benton County Superior Court Judge. These warrants were served on the respective companies.

22.     On November 4, 2025, three additional NCMEC CyberTip reports were received because they were identified as being related to the initial two CyberTips, due to a matching IP address (IP address 131.150.224.56 – Charter Communications).

23.     CyberTip 219629414 was received by NCMEC on September 9, 2025, at approximately 1652 hrs. UTC from MediaLab/Kik, contained a user's MediaLab/Kik account information (todddaniels1986_7nv) and identified the device used with the account to be a Motorola brand android device with ID number 41ca8c26c849f582. MediaLab/Kik reported that files were sent from this account to other accounts on MediaLab/Kik containing child pornography.  These files were reviewed by TFO Stohel and were confirmed to contain child pornography.  The CyberTip included the below account information:

   a.  MediaLab/Kik provided the following suspect account information:

   b.  Email Address: todddaniels121586@gmail.com

   c.  ESP Product/Service: MediaLab/Kik Screen/

   d.  Username: todddaniels1986

   e.  Display Name: todddaniels1986

   f.  ESP User ID:  todddaniels1986_7nv

24.     One of the files viewed by TFO Stohel is described below:

   a.  This file, titled "42fe7076-32c3-4f69-b3c0-db5f1e048e9c.mp4", was identified as a video that was shared via forwarding in a private chat

message to another user. TFO Stohel reviewed this file which consisted of an approximately 73 second video depicting a prepubescent female child undressing in front of a camera device, most likely a cellphone, based on how the child moves the camera. The child is fully clothed but then removes her green pajama style pants and her pink underwear. The child leaves her yellow T-shirt and white undershirt on. Once the child takes her underpants off, she lifts her two shirts up to expose her torso. The child moves towards the camera showing off her genitals. She then moves and repositions the camera. The child then uses her fingers to touch her vagina before urinating towards the camera. The child appears to be in a bathroom based on the tiled walls and shower fixtures. The child appears to be approximately 7-9 years old based on her overall size and physical development. She has no pubic hair and lacks any pubic hair follicles. The child does not appear to have any breast development. A login IP address associated with this file was provided as 131.150.224.56 (Port: 54358) at 09-09-2025 16:46:49 UTC.

25.    CyberTip 220576027 was received by NCMEC on September 24, 2025, at 0944 hrs. UTC from MediaLab/Kik, contained a user's MediaLab/Kik account information (emmajames55_bus) and identified the device used with the account to be a Motorola brand android device with ID number 41ca8c26c849f582. There was an identified file sent from the account to another account on MediaLab/Kik containing child pornography. The file was reviewed and confirmed to contain child pornography. The following is a description of the file reviewed by TFO Stohel:

   a.    This file (37c775c8-b5c8-4478-a674-a873b5cb0a37.mp4) consisted of a 41 second video depicting a minor female performing oral sex on another female. The minor female who is performing oral sex is positioned on her

stomach facing the camera as she performs oral sex. Based on the minor female's facial features, developing jaw structure, facial roundness, and overall body size, the female appears to be approximately 13-16 years old. The perspective of the video is from the perception of the female receiving oral sex. The upper inner thighs, lower torso, and upper pubic region of the female receiving oral sex, are visible. There is visible pubic hair growth on this female, along with a chubbiness to her lower abdomen. Based on the physical characteristics presented in the video with this female, it appears that this is a young teenage female, but exact approximation of her age is difficult. During the video, the hand of this female is observed on the head of the female performing oral sex, playing with her hair. The act takes place on a bed in a bedroom with a nightstand next to the bed.  A login IP address associated with this file was provided as 131.150.224.56 (Port: 34866) at 09-24-2025 09:41:26 UTC.

26.    CyberTip 220576068 was received by NCMEC on September 24, 2025, at 0945 hrs. UTC from MediaLab/Kik, contained the same MediaLab/Kik account information as the account information (emmajames55_bus) in CyberTip 220576027, and identified the device used with the account to be a Motorola brand android device with ID number 41ca8c26c849f582. There were files sent from the account to other accounts on MediaLab/Kik containing child pornography. These files were reviewed and confirmed to contain child pornography. The following is a description of one of those files reviewed by TFO Stohel:

a.    This file (5158ca9a-89a9-4926-80db-2a27227610ec.mp4) consisted of a 66 second video depicting a teenage female masturbating. The female appears to be approximately 16 to 18 years of age. The female is overall skinny, lacking muscle definition in her stomach, legs, and torso. The

video appears to take place in a dressing room as the interior of the room and the door style are consistent with a dressing room. There is a stool on which the female is seated, and there are clothes on store style hangers hanging on the wall behind the female. The female is wearing black tennis shoes and white socks with her panties pulled down to her ankles. The female is sitting on the stool facing the camera with her legs spread open. The female's genitals are visible in the video as the female uses her hand to masturbate for the duration of the video. The female pulls her shirt up in the beginning of the video exposing her torso, chest, and breasts. Halfway through the video, the female gets up from the stool and moves closer to the camera, squatting in front of it to continue masturbating.  A login IP address associated with this file was provided as 131.150.224.56 (Port: 34866) at 09-24-2025 09:42:11 UTC.

27.     On November 6, 2025, additional search warrants for records from MediaLab/MediaLab/Kik, Charter, Google, and Verizon were approved by a Benton County Superior Court Judge. These warrants were served on the respective companies.

28.     On October 28, 2025, pursuant to the initial approved search warrant, records from MediaLab/Kik were received related to the identified target account. On November 18, 2025, these records were reviewed.

29.     The MediaLab/Kik records identified the device being used on the MediaLab/Kik account as a Motorola brand Android Device.

30.     Within the records, there were files containing child pornography, as well as media images of an adult male subject believed to be the account user and suspect. The following is a description of one of child pornography files reviewed by TFO Stohel:

a. This file (a9668ec3-97ba-4e66-b895-e230bc71f47c) consisted of a 22 second video depicting a male subject using his erect penis to penetrate a prepubescent female's vagina. During the video, the male thrusts in and out several times. The view of the video is from the perspective of the male looking down. The female is positioned on her back with her legs spread apart. The female is wearing a blue shirt and pink underwear. The male subject uses his hand to push the underwear aside and guide his penis into the vagina. Only the lower torso, groin/genital area, and upper legs of the female are visible. The only visible portions of the male's body are his penis and hand. The female appears to be approximately 4-8 years old based on her overall size, lack of muscular development in her legs, and lack of any hair follicles in her pubic area. It is unknown where the act occurs, but it appears to possibly be on a bed or floor. This file is the same video as one of the files received in the initial CyberTip.

31.    The records contained text conversations between the suspect account user (BEACH) and other MediaLab/Kik users. These conversations contained the following relevant information:

a. The suspect account user identifies himself as a 45-46-year-old male from Washington State in the United States.

b. The suspect account user identifies that he is sexually attracted to girls that are 25 years younger than him and that he likes to have sexual intercourse with them.

c. The suspect account user identifies his name as "Luke" when talking to another user. The suspect states he likes younger girls and that he has never done anything with one but likes to look.

    d.  The suspect account user sends a photo depicting his face and erect penis to another user in exchange for receiving "pics of girl". The other user apparently sends the suspect an image of a girl where the suspect account states, "She's cool, but I like younger." The image of the apparent female sent is not included or identified in the records from MediaLab/Kik. There appears to be additional images sent between the accounts referencing young girls, but those images are not identified or included. The suspect states he likes "young bitches" and requests the other user to "find really young", presumably content of young girls.

    e.  The suspect account user again identifies himself as a 45 y/o and sends two photos of himself to another user with one of the photos clearly depicting the suspect's face.

    f.  The suspect account user discusses purchasing child pornography content from other users but would rather obtain "young" content for free to trade.

    g.  The suspect account user states he has no age limit for any content.

    h.  The suspect account sends multiple files of confirmed child pornography to other accounts.

32.    On October 30, 2025, pursuant to the initial approved search warrant, records from Dropbox.com were received related to the identified target account. On November 19, 2025, these records were reviewed, and content was located in the form of numerous child pornography image and video files depicting clearly identifiable minors engaged in sexually explicit conduct. Several of the files depicted males and females engaged in sexually explicit conduct where the age of the depicted persons was difficult to determine.

33. The Dropbox.com records also revealed that BEACH appeared to be the user of the target account, because:

34. The email associated with the Dropbox account was a match to the email provided in the NCMEC CyberTip from Dropbox (CT 216733900) (lukebeach5@gmail.com).

35. The device used with the Dropbox account was identified as a Motorola brand Android device, which is consistent with the identified devices being used with the other accounts (MediaLab/Kik).

36. The IP address for the Dropbox account is consistent with the identified Charter Communications IP address throughout the other accounts (IP address 131.150.224.56 – Charter Communications).

37. The associated email for the Dropbox account, lukebeach5@gmail.com, enabled the SER-ICAC team to identify Lucas Fast Beach (DOB: 3/6/1979) in a local law enforcement records database. BEACH's photo in law enforcement records was compared to the selfie style photos of the male subject from the MediaLab/Kik records and found to be a match. Beach was identified as the suspect from the aforementioned CyberTip reports.

38. SER-ICAC obtained additional information further confirming the identification/verification of Beach as the suspect, including:

    a. BEACH's DOL photo is also a match to the male subject in the MediaLab/Kik records.

    b. A criminal history check of BEACH identified him as a convicted felon for attempted rape of a child in the second degree from an investigation in 2017. BEACH is on active Department of Corrections supervision for his previous conviction and is a registered sex offender.

    c.   BEACH's DOC Officer verified the male subject from the selfie type image/video in the MediaLab/Kik records to be Lucas BEACH.

    d.   BEACH's DOC Officer confirmed Beach's registered address for supervision as 4616 W. Wernett Road in Pasco, Washington. Beach's address is the same for his DOL record and is the same address as listed in the local law enforcement records system.

    e.   BEACH's DOC Officer identified Beach as living with his mother, who was identified as Paula Nance.

39.    On 11/06/2025, pursuant to the initial approved search warrant, records from Charter Communications were received related to the identified target account. On November 20, 2025, these records were reviewed:

40.    The account holder for the Charter account associated to the target IP Address (131.150.224.56) at the times of the above described conduct was identified as Paula Nance, BEACH's mother.

41.    The service address for Charter service was identified as 4616 W. Wernett Road in Pasco, Washington.

42.    On November 20, 2025, and December 1, 2025, a total of five additional CyberTips were received with all be related to the previous CyberTip reports through the IP address. Each of these CyberTips included files identified as being sent/received by BEACH's account to other user accounts on MediaLab/Kik. These files were reviewed and confirmed to contain child pornography and/or child exploitative media.

43.    On December 9, 2025, Verizon records received pursuant to an approved search warrant served on October 28, 2025, were reviewed. These records from Verizon were related to the Mobile LTE IP addresses (including IP address 174.246.17.112) received in the initial CyberTip reports.

44.     In reviewing the provided Verizon records, a phone number was located, linked to a Verizon account, that was identified as using the IP address 174.246.17.112 at the date and time requested in the search warrant. This IP address, with the date and time, corresponds to the IP information of when messages were sent to/from BEACH on Kik. The phone number identified in the Verizon records is 509-537-5907.

45.     Within the Verizon records, this phone number showed being assigned to a Verizon prepaid device, identified as a "Moto G 5G TF 2025" with IMEI 351211102026034. This device was activated on July 8, 2025. This is the same date that BEACH was released from incarceration and reported to his DOC officer for supervision.

46.     Using idiCORE, a law enforcement resource which provides reliable and credible information a reverse search of this phone number was conducted. idiCORE identified this phone as being linked to BEACH. Additionally, idiCORE listed BEACH's current address as 4616 W Wernett Road, Pasco WA 99301. There were several email addresses and IP addresses listed as being associated with Beach. Several of those that are of note to this investigation are listed below:

  a. Email: Lukebeach5@gmail.com (matches emails from prior conviction case and current CyberTips)

  b. Email: Jimmerson555@gmail.com (similar to email from current CyberTips)

  c. IP Addresses: 131.150.224.56 (IP address identified through Charter Communications for West Wernett residence as previously discussed)

47.     Beach has been identified as a registered sex offender for a conviction of the crime of Attempted Rape of a Child 2nd Degree (RCW 9A.44.076) which occurred in 2017. In this investigation, BEACH responded to an online ad placed on Craigslist

by an undercover detective (UC).  The UC detectives communicated with BEACH via text and email. During the conversations, BEACH discussed engaging in full penetration with two 13-year-old girls. BEACH was directed to a pre-determined location where he believed he was going to meet aforementioned minors for sex. BEACH was ultimately arrested for Attempted Rape of a Child 2nd Degree (RCW 9A.44.076) and Communication with a Minor for Immoral Purposes (RCW 9.68A.090).

48.     A review of the case file for this prior conviction revealed the following evidentiary information of note:

  a.  During the Beach's arrest, a digital device (cellphone) was seized from BEACH. The phone was subsequently forensically analyzed. The device was identified as an Android Verizon Samsung Galaxy. The user accounts on the device had two emails, lukebeach5@gmail.com and macibeech@gmail.com. The lukebeach5@gmail.com email address is one of the same email addresses linked to Beach in the current investigation. BEACH also used this email in the prior case to communicate with the UC detectives.

  b.  Additionally, the phone contained information related to the use of Kik on BEACH's device. A Kik conversation between BEACH and another user was found to contain communications related to child pornography and an image was sent to BEACH. This image was identified as child pornography. From this information, it is clear that BEACH has a history of communicating on Kik for the purposes of possessing and trading child pornography.

49.     Multiple warrants were obtained and signed in the Eastern District of Washington on December 10, 2025, pertaining to this investigation- the premises at

4616 West Wernett Road (4:25-mj-07188-ACE), the person of BEACH (4:25-mj-7189-ACE), and a vehicle (4:25-mj-7190-ACE). BEACH was observed at the West Wernett Road address. He was surveilled leaving the address and was subsequently arrested prior to reporting for a DOC appointment. No electronic devices were located on his person. During the search of the residence at the West Wernett address, a box was found for an Android device. The IMEI on the box was the same as the IMEI provided in Verizon device records for the Moto G 5G TF 2025" with IMEI 351211102026034. At the time of this Affidavit, law enforcement has not located this device.

## CONCLUSION

50.     Based on the facts stated above, I respectfully submit that there is probable cause to believe that Beach has received and distributed child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and has possessed child pornography, in violation of 18 U.S.C § 2252A(a)(5)(b). I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

_____
Hyrum A. Stohel, Task Force Officer
Homeland Security Investigations

Sworn to telephonically and signed electronically on this 11th day of December, 2025.

_____
Alexander C. Ekstrom
United States Magistrate Judge